**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JUAN CARLOS LOPEZ-ANGEL,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-4009-MWB
(No. CR 07-4071)

**MEMORANDUM OPINION AND ORDER RE PETITIONER'S SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . 2
   *B. The Petitioner's §2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . 5
   *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 8
      *1.  Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . 8
      *2.  Failure to investigate and file motion to suppress* . . . . . . . . 11
      *3.  Failure to advise to file Petition for Writ of* **Certiorari** . . . . . 13
   *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 14

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I.  INTRODUCTION

This case is before me on petitioner Juan Carlos Lopez-Angel's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on January 25, 2010, and on Lopez-Angel's Amended Motion (Civ. docket no. 7), filed by appointed counsel, on October 29, 2010. Lopez-Angel claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel and also claims that the same counsel later provided ineffective assistance by failing to provide him with advice regarding the filing of a Petition for Writ of *Certiorari*.  The respondent denies that Lopez-Angel is entitled to any relief on his claims.

### A.  *The Petitioner's Criminal Proceedings*

On October 26, 2007, Lopez-Angel was charged, along with two other alleged co-conspirators, by a sealed two-count Indictment (Crim. docket no. 2).  Count one of the Indictment charged Lopez-Angel with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of pure methamphetamine.  *See* Crim. docket no. 2.  On November 28, 2007, the government filed a Superseding Indictment (Crim. docket no. 32), naming additional alleged co-conspirators and adding charges against those co-conspirators.  The pending charges against Lopez-Angel remained unchanged.  On December 4, 2007, Lopez-Angel filed a Waiver Of Personal Appearance At Arraignment (Crim. docket no. 59).  Lopez-

Angel appeared before Chief United States Magistrate Judge Paul A. Zoss on February 21, 2008, to plead guilty to count one of the Indictment. *See* Crim. docket no. 92. On February 21, 2008, Judge Zoss filed his Report and Recommendation (Crim. docket no. 95), recommending that I accept Lopez-Angel's guilty plea. I filed an Order Accepting Report and Recommendation (Crim. docket no. 98) on March 10, 2008. On May 23, 2008, Lopez-Angel, by counsel, filed a Motion for Downward Variance (Crim. docket no. 155), based on Lopez-Angel's cooperation. The government filed a Resistance (Crim. docket no. 156), asserting that, by the time Lopez-Angel had given them information, they had already obtained the same information from other sources. The government also asserted that it had not been able to use the information offered by Lopez-Angel to assist them in the filing of any additional criminal charges. *See* Crim. docket no. 156.

Lopez-Angel appeared, with counsel, before me on June 2, 2008, for a sentencing hearing. *See* Crim. docket no. 158. I found that Lopez-Angel had a total offense level of 31 with a criminal history category of V. *See* Crim. docket no. 158. The guidelines range called for imprisonment of 168 to 210 months and there was an applicable statutory mandatory minimum of 120 months. *See* Crim. docket no. 158. I determined that 188 months was a reasonable sentence and then granted Lopez-Angel's Motion for downward variance and sentenced him to 169 months. *See* Crim. docket no. 158.

Lopez-Angel, by counsel, filed a Notice of Appeal (Crim. docket no. 164), to the United States Court of Appeals for the Eighth Circuit, on June 18, 2008. On appeal, Lopez-Angel argued that in granting his Motion for Downward Variance, I should have sentenced him below the guidelines range. *See* Crim. docket no. 272.

On January 13, 2010, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 272). The court affirmed my sentencing decision, concluding that I had not abused my discretion in sentencing Lopez-Angel and that I had

arrived at a substantively reasonable sentence under the totality of the circumstances. *See* Crim. docket no. 272).

### B. *The Petitioner's §2255 Motion*

On April 26, 2010, Lopez-Angel filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 3), an attorney was appointed to represent Lopez-Angel with regard to his Motion. On October 29, 2010, by counsel, Lopez-Angel filed an Amended Motion (Civ. docket no. 7), with an attached Brief. The respondent filed a Response (Civ. docket no. 8), on November 22, 2010.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Lopez-Angel's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Lopez-Angel's allegations cannot be accepted as true because they are contradicted by the record.

Claims are procedurally defaulted if not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not

4

available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Where necessary and possible, I have construed otherwise potentially defaulted claims as claims of ineffective assistance of counsel, and have assumed, without deciding, that Lopez-Angel can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial and appellate counsel. Therefore, I will pass on to the merits of Lopez-Angel's claims for § 2255 relief.

### III. LEGAL ANALYSIS
#### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Lopez-Angel's claims, in light of the evidence in the record, I note, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992).

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d

7

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, I turn to analysis of Lopez-Angel's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel
#### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Lopez-Angel is entitled to relief on

his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

9

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). "[T]he standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). "There must be a substantial likelihood of a different result." *Harrington,* 131 S.Ct. at 792. "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove

10

prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to investigate and file motion to suppress*

Lopez-Angel, asserts, *pro se* and by counsel, that trial counsel provided ineffective assistance by failing to adequately investigate the grounds for, and thereafter file, a motion to suppress incriminating statements made by Lopez-Angel to law enforcement officers. (Amended Motion at 2). Lopez-Angel claims that such statements were made to officers when he had not been advised of his miranda rights and after invoking his right to counsel. (Amended Motion at 2). Lopez-Angel claims that his statements amount to a false confession, coerced by the intimidation of law enforcement officers. (Brief 4- 5). Lopez-Angel further asserts that if his statements had been suppressed, he would not have pled guilty. (Amended Motion at 2).

Respondent argues, based on an affidavit of trial counsel, that Lopez-Angel never told trial counsel that he had not been read his miranda rights or that his confession was the result of intimidation by law enforcement officers. (Response at 11). Respondent further asserts that trial counsel reviewed the entire recording of the post-miranda interview with Lopez-Angel in the presence of a translator and Lopez-Angel never denied that he had been read his miranda rights even when an officer on the recording indicated that he had been read his rights prior to the start of the recording. (Response at 11). At no time did Lopez-Angel deny the contents of his confession. (Response at 12). In addition, respondent argues, based on counsel's affidavit, that trial counsel determined that there was sufficient evidence in the record, in the form of cooperating witnesses and physical evidence of drugs found at the time of arrest following information from a confidential informant, for the prosecution to obtain a guilty verdict even if the

11

incriminating statements had been suppressed; therefore, counsel would have continued to advise Lopez-Angel to plead guilty. (Response at 12).

Lopez-Angel's claim fails on several grounds. First, a defendant who testifies at his plea hearing that he was satisfied with counsel's representation cannot generally later claim that his counsel failed to investigate his case. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 (1977) (solemn declarations in open court carry strong presumption of verity); *see also Wiles v. Jones*, 960 F.2d 751, 753 (8th Cir. 1992) (defendant's representations during plea-taking regarding effectiveness of counsel carry a strong presumption of verity and impose a formidable obstacle to collateral relief). Although Lopez-Angel had ample opportunity to raise these issues with his trial counsel prior to entering his plea of guilty, he did not do so. (Response at 12). Defense counsel is not ineffective for failing to file a motion to suppress where the defendant did not inform counsel of the possible grounds for filing such a motion. *See Bell v. Attorney General of State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) (attorney who was unaware, until trial, that there may have been a Fifth Amendment violation because defendant did not tell him, had no duty to investigate or file a motion to suppress and was not ineffective for failing to do so). Lopez-Angel also failed to raise these issues at his plea hearing, and instead, claimed to be fully satisfied with his attorney's representation, when he knew at the time that counsel had not filed a motion to suppress. *See* Crim. docket no. 95. Lopez-Angel has not alleged any facts indicating that his attorney or anyone else led him to believe that he could not honestly answer the district court's questions during his plea hearing.

Lopez-Angel has offered nothing more than unsworn statements, apparently made to counsel representing him in this matter, to support his allegations, which are contradictory to the sworn statements he made during his plea hearing. It is well settled that "self-serving, self-contradicting statement[s] [are] insufficient to render the motion,

files, and records of [the] case inconclusive...." *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000). Because he has not demonstrated that his counsel was even made aware of the possible grounds for a motion to suppress, Lopez-Angel has not established that his trial counsel " made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *Walker*, 324 F.3d at 1040. Lopez-Angel's claim that his trial counsel was ineffective for failing to investigate the grounds for, and then file, a motion to suppress fails on these grounds.

### 3. *Failure to advise to file Petition for Writ of* Certiorari

Lopez-Angel, by counsel, alleges that trial counsel provided ineffective assistance of counsel by failing to inform Lopez-Angel of his right to file a Petition for Writ of *Certiorari* to the United States Supreme Court. (Amended Motion at 2; Brief in Support at 6).

Respondent argues that even if Lopez-Angel had filed a Petition For Writ Of *Certiorari*, it would not have been successful and his sentence would have remained unchanged; therefore, he cannot show that he was prejudiced. (Response at 14).

Due process does not guarantee a constitutional right to counsel for a litigant seeking to file a *certiorari* petition in the United States Supreme Court. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Even if the United States Court of Appeals for the Eighth Circuit's plan to implement the mandates of the Criminal Justice Act of 1964 includes a right to have effective assistance of counsel to file a petition for writ of *certiorari*, it is not a statement of what the Constitution requires, and its alleged breach does not give rise to a claim for ineffective representation of counsel. *Id*. "In the

absence of a constitutional right to the effective assistance of counsel [a defendant's] claim for ineffective assistance cannot succeed." *Id.*

Even if counsel performed deficiently with regard to advising Lopez-Angel about his rights to file a Petition for Writ of *Certiorari*, and I do not find that he did, Lopez-Angel would still have to establish that he suffered prejudice from any such failure, in order to establish a claim for ineffective assistance. *Id*. at 988. Lopez-Angel would have to show not only that he would have succeeded in obtaining a Writ of *Certiorari* if a petition had been filed, but also a reasonable probability that he would have obtained sentencing relief. *Id.* at 989. Lopez-Angel offers no argument or evidence, but merely conclusory statements, to support the position that a Writ of *Certiorari* would have been granted or that he would have been successful on further appeal.

Lopez-Angel cannot demonstrate either that his counsel performed deficiently or that he was prejudiced, therefore, Lopez-Angel's claim for ineffective assistance for failing to advise him regarding the filing of a Petition for Writ of *Certiorari*, fails.

### C. Certificate Of Appealability

Denial of Lopez-Angel's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Lopez-Angel has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Lopez-Angel's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Lopez-Angel does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV. CONCLUSION

Upon the foregoing, Lopez-Angel's Motion Under 28 U.S.C. § 2255 (Civ. no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 22nd day of June, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA